IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| United States of America, | NO. C 06-03278 JW |
| Plaintiff, | **ORDER GRANTING CLAIMANT PONG LIU'S MOTION TO SET ASIDE DEFAULT JUDGMENT** |
| v. | |
| 2002 Toyota 4-Runner, et al., | |
| Defendants. | |

The United States of America ("Plaintiff") brought this *in rem* action against Defendant Property.[1] Presently before the Court is Pong Lin Liu's ("Claimant" or "Liu") Motion to Set Aside Default Judgment.[2] The Court conducted a hearing on April 27, 2008.[3] Based on the papers submitted to date and oral argument, the Court GRANTS Liu's Motion to Set Aside Default Judgment.

**A.   Background**

On December 8, 2005, a federal grand jury for the Northern District of California returned a superseding indictment against Liu and others for their participation in multiple conspiracies to

---

[1] The property are: (1) Approximately $133,021.17 in Funds Seized from Four Accounts Held in the Name of Pong Lin Liu ("Account Funds"); (2) 2002 Toyota 4-Runner, VIN JT3HN86R520373938, California License Number 7D09084 ("4-Runner"); (3) $3,500 in United States Currency ("Cash"); and (4) One Lorcin, Model L380, .380 Caliber Semi-automatic Pistol ("Firearm").

[2] (Claimant Pong Liu's Motion to Set Aside Default Judgment of Forfeiture and (1) For Leave to File Verified Statement and (2) Answer to Complaint (Rule 60(b)), hereafter, "Motion," Docket Item No. 21.)

[3] Plaintiff's counsel failed to appear at the hearing.

distribute controlled substances in violation of 21 U.S.C. § 846.[4]  Liu was also charged with four counts of distribution of MDMA and possession with the intent to distribute MDMA in violation of 21 U.S.C. § 841(a)(1); one count of possessing a firearm during and in relation to a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1)(A); and one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).  (Id.)

On May 7, 2006, Plaintiff filed this *in rem* action for the forfeiture of certain property. (Hinds Decl. ¶ 3.)  In its Complaint, Plaintiff alleges that the Defendant Property should be forfeited because it constitutes Liu's proceeds from drug trafficking offenses, was used to facilitate drug trafficking offenses or was property involved in money laundering transactions.  (Id.)  On August 14, 2006, the Court issued an order relating the forfeiture action to the criminal case.  (See Docket Item No. 6.)

On October 16, 2008, the Clerk of Court entered default against the Defendant Property pursuant to Fed. R. Civ. P. 55(a).  (See Docket Item No. 12.)  On October 29, 2008, after a trial, the jury returned a guilty verdict against Liu for: (1) conspiracy to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1), 846; (2) distribution of cocaine in violation of 21 U.S.C. § 841(a)(1); (3) possessing cocaine with intent to distribute in violation of 21 U.S.C. § 841(a)(1); (4) conspiracy to distribute MDMA in violation of 21 U.S.C. §§ 841(a)(1), 846; (5) distribution of MDMA in violation of 21 U.S.C. § 841(a)(1); (6) possessing MDMA with intent to distribute in violation of 21 U.S.C. § 841(a)(1); and (7) possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A).  On December 23, 2008, on motion by Plaintiff, the Court entered Default Judgment against the Defendant Property.  (See Docket Item No. 20.)

Presently before the Court is Liu's Motion to Set Aside Default Judgment.

---

[4] (Declaration of Stephanie Hinds in Support of Opposition to Motion to Set Aside Default Judgment ¶ 2, hereafter, "Hinds Decl.," Docket Item No. 28.)

2

**B.     Discussion**

Liu moves to set aside the Default Judgment pursuant to Fed. R. Civ. P. 60(b) on the ground that, *inter alia*, he was unaware of the entry of default. (Motion at 12-13.)

Federal Rule of Civil Procedure 60(b)(1) provides, "On motion . . . the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for . . . mistake, inadvertence, surprise, or excusable neglect." A court's discretion to vacate a default judgment under Rule 60(b) requires a showing of "good cause." Franchise Holding II, LLC. v. Hunting Restaurants Group, Inc., 375 F.3d 922, 925 (9th Cir. 2004). The discretionary good cause standard requires consideration of three disjunctive factors: (1) whether the defendant engaged in culpable conduct leading to the default; (2) whether the defendant has a meritorious defense; or (3) whether setting aside the default would prejudice the plaintiff. Id. at 925-926. As these factors are disjunctive, a district court is free to deny a motion to set aside a default judgment if any of the factors weighs against setting aside the default. American Ass'n of Naturopathic Physicians v. Hayhurst, 227 F.3d 1104, 1108 (9th Cir. 2000).

Here, Liu was provided notice of the forfeiture action through several means. On July 11, 2006, Plaintiff filed a notice of related case in the criminal matter concerning Liu. (Hinds Decl., Ex. 3.) On August 22, 2006, Plaintiff also served Liu with a copy of the Complaint, Notice of Forfeiture and a set of interrogatories concerning this action. (Id., Ex. 1.) Further, Plaintiff published the Notice of Forfeiture Action in the *Recorder,* a daily newspaper of general circulation in the San Francisco Bay area, for three weeks beginning on June 9, 2006, and served Liu with the proof of publication. (See Docket Item No. 5.)

However, Liu's attorney explains his failure to respond to the entry of default and Plaintiff's motion for default judgment as follows:

> On or about September 1, 2008, I relocated my office and moved from Oakland, California to Newark, California. I filed a notice of Change of Address via the Pacer System[.] I mistakenly assumed that the filing of this document would serve notice on [Plaintiff] of my address change. I did not specifically address a notice of Change of Address to Stephanie Hinds the [a]ttorney in the Forfeiture matter. I am informed and

3

> believe that the Default Papers were delivered to the Law Office of George Holland. I am unaware if anyone signed for them, however, I did not receive them until mid-January. . . .
>
> I have never missed a Court appearance before Judge Ware before [the hearing on Plaintiff's motion for default judgment], and was not aware of this appearance. I was not aware that a default judgment was imminent and that the hearing was held on December 22, 2009. I believed in good faith, albeit mistakenly, that the forfeiture had not been entered and was trailing the sentencing in the criminal trial. In this case the incarcerated property owner, Pong Lin Liu, actually never received notice of the forfeiture that was sent to me.

(Declaration of Kurt K. Robinson ¶¶ 5-6, Docket Item No. 23.) Based on his declaration, Liu's counsel reasonably believed that this forfeiture action would closely trail the sentencing in Liu's criminal matter. Yet, because of his change of address, he was not aware of the default and default judgment until after they had been entered. Based on this evidence, the Court finds that Liu's failure to timely appear in this action was the result of excusable neglect by his own counsel.

With respect to whether Liu may have a meritorious defense, Liu contends that at least $100,000 of the $133,031.17 forfeited pursuant to the Default Judgment had nothing to do with cocaine sales, and was directly related to the sale of a restaurant. (Motion at 10.) In support of this contention, Liu submits a signed declaration by Sophia Young, Liu's mother and the former owner of the China City Restaurant, stating that she is "informed and believe[s] that approximately $133,021.17 in funds seized from four accounts held in the name of Liu represents some or all of the monies [she] gave to [her] son."[5] Thus, the Court finds Liu may have a meritorious claim with respect to at least some of the Defendant Property. Moreover, Plaintiff has failed to provide the Court with any basis for finding that it would be unduly prejudiced if the default judgment is set aside.

Accordingly, the Court GRANTS Liu's Motion to Set Aside Default Judgment under Fed. R. Civ. P. 60(b).

---

[5] (Declaration of Sophia Young In Support of Request for Court's Entry of Default ¶ 2, Docket Item No. 24.)

4

**C.     Conclusion**

The Court GRANTS Pong Lin Liu's Motion to Set Aside Default Judgment of Forfeiture. The Court's December 23, 2009 Default Judgment Order and Judgment are VACATED. The Court also GRANTS Liu's request for leave to file a verified statement and Answer to the Complaint. On or before **July 24, 2009**, Claimant Liu shall file his Verified Statement and Answer. Failure to do so in a timely matter may result in sanctions, including reinstatement of the Court's Order of Default Judgment and Judgment.

The parties shall appear for a Case Management Conference on **September 21, 2009 10 a.m.** The parties shall file a Joint Case Management Statement on or before **September 11, 2009.** The Statement shall address, among other things, a schedule for proceeding with the action.

Dated: June 25, 2009

JAMES WARE
United States District Judge

5

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Kurt Kevin Robinson robinsonlawfirm@comcast.net
Stephanie M. Hinds stephanie.hinds@usdoj.gov

**Dated: June 25, 2009**                                       **Richard W. Wieking, Clerk**

                                           **By:   /s/ JW Chambers**
                                                     **Elizabeth Garcia**
                                                     **Courtroom Deputy**

**United States District Court**
For the Northern District of California