NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. C06-03278 JW (HRL) |
| Plaintiff, | **ORDER GRANTING PLAINTIFF'S** |
| v. | **MOTION TO COMPEL** |
| 2002 TOYOTA 4-RUNNER, VIN JT3HN86R520373938, CALIFORNIA LICENSE NUMBER 7D09084, et al., | **[Re: Docket No. 34]** |
| Defendants. | |

Pong Lin Liu was indicted in 2005 for conspiracy to distribute controlled substances and other offenses. Plaintiff United States then brought this in rem action for the forfeiture of property that plaintiff alleges are Liu's proceeds from drug trafficking or are otherwise involved with drug trafficking and money laundering. Plaintiff now moves to compel discovery from Pong Lin Liu and his sister, Lillian Liu, both claimants to the defendant property. No opposition to plaintiff's motion was filed. Pursuant to Civil Local Rule 7-1(b), the court finds the matter suitable for determination without oral argument, and the December 29, 2009 hearing is vacated.

**DISCUSSION**

In August 2006, the United States served the Lius with separate sets of interrogatories that sought, inter alia, additional information about the defendant property and their interests therein. Plaintiff also served Pong Lin Liu with document requests for banking, tax, and other records that may support his assertion that some of the defendant property is not subject to forfeiture. However,

these discovery responses went unanswered.  In October 2008, Pong Lin Liu was convicted of drug trafficking.  Shortly thereafter, the United States obtained a default judgment against the defendant property, but it was set aside in June 2009.  (Docket No. 31.)  Plaintiff then re-served its interrogatories and requests for production on September 18, 2009, but, it says, still has received no response.

Pursuant to the Federal Rules of Civil Procedure, responses to plaintiff's discovery requests were due within thirty days.  Fed. R. Civ. P. 33(b)(2), 34(b)(2)(A).  Accordingly, responses to the re-issued discovery were due over two months ago.  A review of plaintiff's interrogatories and requests for production indicate that they are relevant and appropriate under the circumstances of this case, and the Lius have not offered any excuse for their delay.

The United States also argues that the Lius' delay waived any objections.  Absent a showing of good cause, "[i]t is well established that a failure to object to discovery requests within the time required constitutes a waiver of any objection."  *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992) (citing *Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir. 1981)).  As noted above, the Lius have not provided the court with any rationale for their delay, let alone one that might support a finding of good cause.  Thus, they have waived their objections as to the discovery requests at issue in this motion.

## CONCLUSION

Based on the foregoing, plaintiff's motion to compel is GRANTED.  Pong Lin Liu and Lillian Liu shall provide complete responses by January 8, 2010.

**IT IS SO ORDERED.**

Dated: December 22, 2009

_____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

2

**C 06-03278 Notice will be electronically mailed to:**

David Countryman     david.countryman@usdoj.gov, alicia.chin@usdoj.gov,
carolyn.jusay@usdoj.gov
David B. Countryman    david.countryman@usdoj.gov
Kurt Kevin Robinson    robinsonlawfirm@comcast.net

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.**